**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GENZYME CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. <u>16-cv-111</u>54 |
| LINDA SCHILLING, | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Linda Schilling, by and through her undersigned counsel, hereby removes this action from the Middlesex Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of her Notice, Defendant states as follows:

**Basis for Federal Jurisdiction**

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), in that the requirements for diversity of citizenship and the amount-in-controversy are satisfied; therefore, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

2. Defendant is represented by the undersigned counsel and consents to this removal.

3. This Notice of Removal is filed within thirty (30) days of service of process on Defendant, and is therefore timely under 28 U.S.C. § 1446(b)(1).

**Plaintiff's Complaint**

4. This case was originally filed by Plaintiff Genzyme Corporation ("Genzyme") in Middlesex Superior Court on June 7, 2016.[1] In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by Defendant are attached to this Notice of Removal as Exhibit A.

5. In the Complaint, Plaintiff alleges that Defendant was employed by Plaintiff as a sales representative for Plaintiff's medication for the treatment of multiple sclerosis ("MS"). (Compl. ¶ 13.) Plaintiff alleges that Defendant entered into a "Restrictive Covenant Agreement" with Plaintiff, in which she agreed not to be employed by any competitor in connection with a competing drug for one year after leaving Genzyme, not to solicit business from Genzyme's clients or customers for two years after leaving Genzyme, and not to use or disclose Genzyme's confidential information. (Compl. ¶¶ 18, 20, 21.)

6. Plaintiff alleges that Defendant's employment by third-party Genentech, Inc. ("Genentech") in any capacity relating to the marketing of treatments for multiple sclerosis will violate the terms of the Restrictive Covenant Agreement. (Compl. ¶¶ 57-64.)

7. Plaintiff asserts claims for breach of contract and unfair competition, seeking to "prohibit [Defendant] from starting or/continuing employment with her new employer, Genentech … in any capacity related to the marketing of the treatment of multiple sclerosis, and to prohibit her from using or disclosing Genzyme's confidential and proprietary information." (Compl. at 1.) Plaintiff further seeks monetary damages relating to Defendant's alleged breach of contract and unfair competition, and alleges that Plaintiff's confidential information is of

---

[1] The Complaint was dated June 8, 2016, but it was file-stamped by the Superior Court on June 7, 2016.

"enormous value to Genentech as it launches an MS product directly competitive" to Plaintiff's own drug. (Compl. ¶ 59.)

8. Plaintiff seeks a preliminary injunction against Defendant, prohibiting her from "any employment or association with any competitor of Genzyme, including, without limitation, Genentech, whether directly or indirectly, in any capacity related to the marketing of multiple sclerosis treatments, for one year from her last date of employment at Genzyme, or until June 2, 2017." (Compl. at 20.)

### Proceedings in State Court

9. On June 8, 2016, Plaintiff filed a Motion for Preliminary Injunction.

10. On June 8, 2016, Associate Justice Dennis J. Curran entered a Temporary Restraining Order against Defendant and scheduled a hearing on the Motion for Preliminary Injunction for June 16, 2016.

11. On June 15, 2016, the parties agreed to request that the Superior Court postpone the preliminary injunction hearing to June 30, 2016 to provide Ms. Schilling additional time to prepare for the hearing and to file opposition papers. In exchange for the scheduling accommodation, Ms. Schilling agreed to abide by the terms of the Temporary Restraining Order through and including the date of the hearing.

12. Thus, at the request of the parties, the Superior Court postponed the hearing on the Motion for Preliminary Injunction until June 30, 2016. At the instruction of the Superior Court, the parties also filed a Joint Motion to Extend Temporary Restraining Order, which has not yet been endorsed, though the new hearing date of June 30 is reflected on the Superior Court's docket. However, pursuant to the parties' agreement outlined in paragraph 11 and as

recited in the Joint Motion, Ms. Schilling intends to abide by the terms of the Temporary Restraining Order until such time as Genzyme's Motion for Preliminary Injunction is heard.

### Citizenship of the Parties and Amount in Controversy

13. Plaintiff Genzyme is a Massachusetts corporation with its principal place of business at 500 Kendall Street, Cambridge, Massachusetts. (Compl. ¶ 1.)

14. Defendant Linda Schilling is an individual and a citizen of the State of Maryland. (Compl. ¶ 2.)

15. The amount-in-controversy exceeds $75,000. Plaintiff seeks monetary damages for breach of contract and unfair competition. Plaintiff alleges that Defendant's experience and knowledge gained as a sales representative for Plaintiff's Lemtrada medication "would be of enormous value to Genentech as it launches an MS product directly competitive to Lemtrada." (Compl. ¶ 59.) As Genzyme has publicly acknowledged, its Lemtrada therapy is priced at $158,000 for two courses of treatment for a single patient, spread over two years. Robert Weisman, "In Reversal, FDA Approves Genzyme's Bid to Sell MS Drug in US," *Boston Globe* (Nov. 15, 2014), *available at* https://www.bostonglobe.com/business/2014/11/14/fda-about-face-approves-genzyme-bid-sell-multiple-sclerosis-drug-lemtrada-united-states/As2bOUBROkvn0dL9fRi7JP/story.html (attached as Exhibit C).

16. Additionally, in her anticipated role at Genentech, Defendant would receive compensation commensurate with her compensation at Genzyme. As alleged in the Complaint, during her time at Genzyme, Defendant was paid an annual salary of $135,000, in addition to a bonus of up to $45,000 per target year. (Compl. ¶ 14.) Defendant has been hired to work as a Clinical Specialist for Genentech's investigational medicine ocrelizumab, which the Food and

- 5 -

Drug Administration may approve for treating primary progressive MS.  As an at-will employee, Defendant has no assurance of employment by Genentech if she is unable to serve in this role.

17.     Plaintiff and Defendant are citizens of different states and the amount-in-controversy exceeds $75,000.  Therefore, the Court has subject matter jurisdiction based on diversity of citizenship and removal is proper pursuant to 28 U.S.C. § 1441(b).

### Notice to State Court and Adverse Parties

18.     Concurrently with this Notice of Removal, Defendant will file a copy of this Notice in the Middlesex Superior Court, Commonwealth of Massachusetts.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.  In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

### Reservation of Rights

19.     Defendant intends no admission of fact, law, or liability by this Notice of Removal and expressly reserves all defenses, affirmative defenses, and motions.

Respectfully submitted this 20th day of June, 2016.

                                      LINDA SCHILLING

                                      By her attorneys,

                                      /s/ Lisa J. Pirozzolo
                                      Lisa J. Pirozzolo (BBO # 561922)
                                      Jonathan D. Rosenfeld (BBO # 556172)
                                      Jonathan A. Cox  (BBO # 687810)
                                      WILMER CUTLER PICKERING
                                       HALE AND DORR LLP
                                      60 State Street
                                      Boston, MA 02109
                                      Tel: (617) 526-6000
                                      Fax: (617) 526-5000
                                      Lisa.Pirozzolo@wilmerhale.com
                                      Jonathan.Rosenfeld@wilmerhale.com
                                      Jonathan.Cox@wilmerhale.com

## **CERTIFICATE OF SERVICE**

I, Lisa J. Pirozzolo, hereby certify that on June 20, 2016, I caused a true copy of the foregoing document to be served by first-class mail upon the following:

>Daniel S. Tarlow
>Thomas M. Elcock
>Laurie F. Rubin
>Jeffrey J. Pyle
>PRINCE LOBEL TYE LLP
>One International Place
>Suite 3700
>Boston, MA 02110

                                      /s/ Lisa J. Pirozzolo
                                      Lisa J. Pirozzolo